**CLD-140** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1330
_____

IN RE: DWIGHT CAMPBELL,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. Nos. 3:20-cv-00151, 3:20-cv-00228)

_____

Submitted Pursuant to Fed. R. App. P. 21
May 1, 2025

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed June 20, 2025)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Dwight Campbell seeks a writ of prohibition. Because Campbell

has not demonstrated that he is entitled to such relief, we will deny his petition.

Campbell has filed several federal lawsuits regarding state court proceedings in

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Blair County, Pennsylvania. The District Court dismissed those cases, and we later affirmed three of those dismissals, while a fourth appeal was dismissed for failure to prosecute. In one of those cases, the District Court concluded that Campbell had accumulated three strikes under 28 U.S.C. § 1915(g).

Campbell's petition requests that this Court: (1) order the District Court to take action on amended complaints and other documents he filed in his dismissed cases and grant him equitable relief, and (2) prohibit courts from using the three-strikes rule against him in the future. Campbell's petition was dismissed for failure to prosecute in February 2025, after which he filed a motion to reopen and an application to proceed in forma pauperis ("IFP") in this case.

We grant his motions to reopen and proceed IFP. However, we will deny his petition. A writ of mandamus or prohibition is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted); see also United States v. Santtini, 963 F.2d 585, 593-94 (3d Cir. 1992) (explaining that a petition for a writ of prohibition is governed by the same standard as a mandamus petition). To obtain a writ of prohibition, "a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam)

(alteration in original) (internal quotation marks and citation omitted).  Campbell has not met that standard.

Campbell has not shown a clear and indisputable right to submit filings and receive rulings indefinitely in his attempts to relitigate issues in his cases, particularly where he has had numerous opportunities to pursue his underlying claims, including on appeal in this Court.  Cf. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a substitute for an appeal).  Additionally, to the extent that he asks this Court to prevent a hypothetical future court from concluding that he has three strikes under the PLRA, he has not explained why he would be unable to raise that issue it if came up in a future case.

Accordingly, we will deny Campbell's petition.